

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-032-CR
NO. 2-09-033-CR

EUGENE VASQUEZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

The State indicted appellant Eugene Vasquez for possession of a controlled substance—methamphetamine, more than four grams but less than two hundred grams. The indictment included a repeat-offender paragraph. The State also indicted Vasquez for the intentional possession of a firearm by a felon. This indictment also contained a repeat-offender paragraph. Vasquez

---

[1] *See* Tex. R. App. P. 47.4.

agreed to plead guilty to both indictments and true to the repeat-offender paragraph included in the possession of a firearm indictment. In exchange, the State agreed to waive the repeat-offender paragraph included in the controlled-substance indictment. Based on his pleas, the jury found Vasquez guilty of both charges and the one repeat-offender paragraph and sentenced him to twenty years' confinement for each charge—his sentences are to run concurrently.

Vasquez's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). We gave Vasquez an opportunity to file a pro se brief, but he did not file one. The State declined to file a brief in response as well.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no

2

pet.).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.  *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  MEIER, LIVINGSTON, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 17, 2009