

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-143-CR

VALDEMAR FLORES IV                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On January 25, 2008, pursuant to a plea bargain, Appellant Valdemar Flores IV pleaded guilty to aggravated kidnapping, a first-degree felony. The trial court placed Flores on seven years' deferred adjudication community supervision and imposed a fine of $700.00. The State filed a petition to proceed to adjudication in August 2008 and a first amended petition to proceed

---

[1] ... *See* Tex. R. App. P. 47.4.

to adjudication in April 2009, alleging that Flores had violated several terms and conditions of his community supervision by committing a new offense, consuming alcohol, and having unapproved contact with Jesica Flores a/k/a Jesica Lucas. Flores pleaded true to the alcohol consumption paragraph but not true to the other two paragraphs. After a hearing, the trial court found that Flores had violated the terms and conditions of his community supervision by committing a new offense and by consuming alcohol, and it adjudicated Flores guilty of aggravated kidnapping and sentenced him to eight years' confinement.

Flores's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. In addition, this court informed Flores that he may file a pro se brief, but he has not done so. The State has also not filed a brief.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

record to see if there is any arguable ground that may be raised on his behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *accord Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant the motion to withdraw and affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 25, 2010

3