COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-354-CR

 

 

JOHN FRANK ANDERSEN A/K/A                                             APPELLANT

JOHN FRANK ANDERSON

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

A jury
convicted Appellant John Frank Andersen a/k/a John Frank Anderson of aggravated
assault with a deadly weapon and assessed his punishment at sixteen years=
confinement.  The trial court sentenced
him accordingly.








Andersen=s court‑appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  Counsel=s brief
and motion meet the requirements of Anders v. California by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds for relief.  386 U.S. 738, 87 S.
Ct. 1396 (1967).  We gave Andersen an
opportunity to file a pro se brief, and he filed three lettersCtwo of
the letters were dated August 31, 2009, and September 10, 2009, and one was
date-stamped October 9, 2009Cin which
he indicated that he had discovered two or three issues.[2]  We construed these letters as his pro se
brief.  The State declined to file a
reply. 








Once an
appellant=s court‑appointed attorney
files a motion to withdraw on the ground that the appeal is frivolous and
fulfills the requirements of Anders, this court is obligated to
undertake an independent examination of the record.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 922B23 (Tex.
App.CFort
Worth 1995, no pet.).  Only then may we
grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82B83, 109
S. Ct. 346, 351 (1988).

We have
carefully reviewed the record, including supplementation of the record from
this case=s earlier indictment and
dismissal before reindictment, and counsel=s brief,
and we have attempted to identify the two to three issues Andersen referred to
in his three letters.  We agree with
counsel that this appeal is wholly frivolous and without merit; we find nothing
in the record that might arguably support the appeal.  See Bledsoe v. State, 178 S.W.3d 824,
827B28 (Tex.
Crim. App. 2005); see also Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex.
Crim. App. 2006).  Accordingly, we grant
counsel=s motion
to withdraw and affirm the trial court=s
judgment.     

 

PER
CURIAM

PANEL:  MCCOY, LIVINGSTON, and MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: March 25, 2010











[1]See Tex. R. App. P. 47.4.





[2]In his August 31 letter,
Andersen states, AI have found many reasons
to file a successful Appeal.  The type of
gun and load.@  In his September 10 letter, he states, AI have found two
points of int[e]rest in my court record.@  In his
letter date-stamped October 9, he states, AI have found three errors in my
case file.  One of witch [sic] is not in
the records but was said.@