

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-233-CR

EMILIO ROSAS, JR.                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Emilio Rosas, Jr. entered an open plea of guilty to possession of more than one but less than four grams of methamphetamine, enhanced to a second-degree felony by two prior felony convictions involving controlled substances. *See* Tex. Health & Safety Code Ann. § 481.115(c) (Vernon Supp. 2009); Tex. Penal Code Ann. § 12.42(a)(3) (Vernon Supp. 2009). He appeals

---

[1] *See* Tex. R. App. P. 47.4.

his conviction and sentence of twenty years' confinement and a $10,000 fine. We affirm.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). Although we gave appellant the opportunity to file a pro se brief, he did not do so. The State likewise did not file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that the appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v.*

*State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 8, 2010