COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-09-288-CR

JAMES PATRICK FOUT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After waiving a jury and entering an open plea of guilty, appellant James Patrick Fout appeals his conviction and fifteen-year sentence for aggravated robbery with a deadly weapon.
(footnote: 2)  We affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, the appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 3) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  We gave Appellant the opportunity to file a pro se brief, and he has filed a motion to abate, which we have construed in the interests of justice as a supplemental response to counsel’s brief.  The State has filed a letter brief arguing that Appellant’s response should be disregarded as it contains factual assertions that may not be considered on appeal.

Once an appellant’s court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record.
(footnote: 4)  Only then may we grant counsel’s motion to withdraw.
(footnote: 5)
 We have carefully reviewed the record, counsel’s brief, Appellant’s supplemental response, and the State’s letter brief.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.
(footnote: 6)  Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; WALKER and McCOY, JJ.

DO NOT PUBLISH 

Tex. R. App. P. 47.2(b)

DELIVERED:  July 29, 2010 

FOOTNOTES
1:
See
 Tex. R. App. P. 47.4.

2:
See
 Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003).

3:
386 U.S. 738, 87 S. Ct. 1396 (1967).

4:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays v. State,
 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

5:
See Penson v. Ohio,
 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

6:
See Bledsoe v. State,
 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); 
see also Meza v. State,
 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).