

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 2-09-263-CR

COREY TAYLOR BEASLEY                                                   APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Corey Taylor Beasley appeals his jury conviction and twenty-five-month sentence for unlawful possession of a firearm. *See* Tex. Penal Code Ann. § 46.04(a)(1) (Vernon Supp. 2009). We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. We gave Appellant the opportunity to file a pro se brief, but he has not done so. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

2

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and MEIER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 26, 2010