Pedro Jose MEZA, Appellant,

v.

The STATE of Texas.

No. PD–1181–05.

Court of Criminal Appeals of Texas.

Sept. 20, 2006.

William H. (Bill) Ray, Fort Worth, for Appellant.

Michael R. Casillas, Assistant Criminal District Atty., Fort Worth, Matthew Paul, State's Atty., Austin, for State.

## OPINION

PRICE, J., delivered the opinion of the unanimous Court.

We granted discretionary review on our own motion[1] in this cause to review the implicit holding of the Tenth Court of Appeals that it had no authority to grant a motion by a court-appointed appellate attorney in a criminal appeal to withdraw from representation of his client on the basis that the attorney, after due diligence, could not find any non-frivolous issues to raise, and therefore had an ethical duty to refrain from filing a frivolous appeal.[2] In an earlier opinion, *Sowels v. State*, the Tenth Court of Appeals had held that it had no such authority.[3] So far as we are aware, the Tenth Court is the only court of appeals to so hold. We granted discretionary review in order to reconcile the conflict.[4]

### Procedural Posture of the Case

The appellant was placed on deferred adjudication community supervision after pleading guilty to the offense of injury to a child. The trial court subsequently revoked that community supervision and assessed the appellant a term of imprisonment. On appeal, the appellant's trial counsel filed an *Anders* brief.[5] In an unpublished memorandum opinion, the court of appeals agreed with appellate counsel that there were no non-frivolous issues in the case and affirmed the conviction.[6] But, in a separate order issued the same day, the court of appeals denied appellate counsel's motion to withdraw from representing the appellant. Without even referring to that motion or its ruling thereon in its memorandum opinion, the court of appeals directed appellate counsel to inform the appellant of its judgment and advise him of his right to seek a *pro se* petition for discretionary review. In ordering appellate counsel to continue as attorney of record, the court of appeals expressly cited its earlier opinion in *Sowels v. State*.

In *Sowels*, the Tenth Court of Appeals had held that it was improper for an appellate attorney filing an *Anders* brief to include with that brief a motion to withdraw as counsel. The court of appeals first observed that the particular procedures that were spelled out in *Anders* itself are not mandatory, as long as the core constitutional right to counsel on appeal remains protected by whatever procedure an individual state may adopt.[7] The court of

1. See Tex.R.App. Proc. 66.1 & 67.1.

2. *Meza v. State*, No. 10–05–00037–CR, 2005 WL 1654761 (Tex.App.-Waco, delivered July 15, 2005) (not designated for publication). Although the court of appeals agreed with appellate counsel that the appeal was "wholly frivolous," in a separate order it denied his motion to withdraw.

3. *Sowels v. State*, 45 S.W.3d 690 (Tex.App.-Waco 2001, no pet.).

4. Tex.R.App. Proc. 66.3(a). The First Court of Appeals in Houston has vacillated with respect to this same issue. *See Guzman v. State*, 23 S.W.3d 381 (Tex.App.-Houston [1st] 1999, no pet.), *overruled by Stephens v. State*, 35 S.W.3d 770 (Tex.App.-Houston [1st] 2000, no pet.). Other courts of appeals have held that *only* the appellate court can rule on a motion to withdraw under these circumstances. *E.g., Hudspeth v. State*, 31 S.W.3d 409, at 412 (Tex.App.-Amarillo 2000, pet. ref'd).

5. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

6. Tex.R.App. Proc. 47.4. We have held that such a memorandum opinion is acceptable in the context of an appeal for which appellate counsel has filed an *Anders* brief and the court of appeals has agreed that the appeal is in fact wholly frivolous. *Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App.2005).

7. 45 S.W.3d at 692, *citing Smith v. Robbins*, 528 U.S. 259, at 273, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

appeals next held that, under former Article 24.06(a) of the Code of Criminal Procedure, the trial court retains the exclusive jurisdiction to appoint appellate counsel for indigent defendants.[8] Relying on its earlier published order in *Enriquez v. State*,[9] the court of appeals held that the Legislature has vested the exclusive authority to make court appointments for indigent criminal appellants in the trial court.

In *Enriquez*, the court of appeals found that there is "no limitation on the time frame during which the trial court has" the authority to appoint counsel in the text of Article 26.04(a) itself. For this reason the court of appeals held that Article 26.04(a) "provides a statutory exception to appellate rule 25.2(e) which provides that the trial court normally loses jurisdiction over a pending matter when the appellate record has been filed."[10] Thus the court of appeals effectively ruled that, at least in criminal appeals involving indigent defendants, Article 26.04(a) controls over Rule 6.5 of the Rules of Appellate Procedure, which provides generally for withdrawal and substitution of appellate counsel on

appeal.[11] In *Sowels*, the court of appeals took the incremental step of applying the holding of *Enriquez* in the particular context of a motion to withdraw under *Anders*.[12]

## Analysis

■ The issue in this case boils down to the question of what court should rule on a motion to withdraw from representation of an indigent criminal appellant whose appeal does not present any non-frivolous issues. In *Anders* the Supreme Court indicated that, upon agreement with appellate counsel that the appeal is frivolous, the *appellate* court "may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires."[13] A few years later this Court construed *Anders* to require the appellate court to rule on the motion to withdraw, to the exclusion of the trial court, in *Moore v. State*.[14]

■ Especially in light of the subsequent Supreme Court opinion in *Smith v. Robbins*, however, we agree with the

---

**8.** *Id., citing* Tex.Code Crim. Proc. art. 24.06(a), prior to its amendment by Acts 2001, 77th Leg., ch. 906, § 6, eff. Jan. 1, 2002.

**9.** 999 S.W.2d 906 (Tex.App.-Waco 1999, no pet.).

**10.** *Id.*, at 908, citing Tex.R.App. Proc. 25.2(e), (now Rule 25.2(g), as amended effective Jan. 1, 2003). That provision reads, now as then: "Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate." Prior to the promulgation of the Rules of Appellate Procedure, an earlier version could be found in now-repealed Article 44.11 of the Texas Code of Criminal Procedure.

**11.** Tex.R.App. Proc. 6.5. This rule expressly and generally authorizes an appellate court to

"permit an attorney to withdraw from representing a party in the appellate court." The court of appeals in *Enriquez* recognized Rule 6.5, but nevertheless ruled that any withdrawal and substitution of court-appointed counsel for an indigent defendant in a criminal appeal must be made at the trial court level, under Article 26.04(a), before such a withdrawal and substitution is "bound" to be "acknowledged" by the appellate court under Rule 6.5(d). 999 S.W.2d at 907, 908. However, in the context of retained counsel in a criminal case, the Waco court has indicated that Rule 6.5 applies. *Parker v. State*, 69 S.W.3d 677, at 678 (Tex.App.-Waco 2002, no pet.).

**12.** 45 S.W.3d at 692–93.

**13.** 386 U.S. at 744, 87 S.Ct. 1396.

**14.** 466 S.W.2d 289, at 291, n. 1 (Tex.Crim. App.1971).

Tenth Court that nothing in the constitution speaks to the question of which court, trial or appellate, must be the one to rule on an *Anders* motion to withdraw.[15] As far as we are concerned, the core Fourteenth Amendment constitutional right to appellate counsel for indigent criminal defendants that *Anders* was intended to vindicate is indifferent to whether the trial court or the appellate court rules on the motion to withdraw. The only *constitutional* requirement is that *neither* court should rule on the motion to withdraw until such time as the appellate court has made a determination whether appointed counsel has exercised sufficient diligence in assaying the record for error, and that there are, in fact, no arguable issues in the case.[16] Once this determination has been made, it makes no *constitutional* difference whether the appellate court grants the motion to withdraw, or instead abates the cause for the trial court to grant the motion.

Indeed, it has been the practice of appellate courts in Texas, whenever a determination is made that an indigent defendant's appeal is *not* frivolous, to abate the cause to the trial court for the appointment of new counsel.[17] There is no *constitutional* reason that the courts of appeals could not also abate the appeal and remand the cause to the trial court with orders simply to grant the motion to withdraw, once the court of appeals has determined that the appeal is in fact frivolous, and that the indigent defendant is therefore not constitutionally entitled to the assistance of counsel at all to prosecute his appeal. Such a procedure is certainly awkward, time-consuming, and wasteful of judicial resources. But if state law positively requires it, as the court of appeals here and in *Sowels* concluded it does, we can imagine no constitutional impediment, *Moore v. State* notwithstanding.

But *does* state law require it? The court of appeals believed that, as a matter of state law, *only* the trial court could rule on a motion to withdraw counsel who had been appointed to represent an indigent defendant on appeal because former Article 26.04(a) assigns to the trial court that responsibility, and an attorney so appointed "shall represent the defendant until . . . the attorney is relieved of his duties by the court or replaced by other counsel." [18] Because "[t]here is no time frame during which the trial court has authority to make the appointment or substitution of counsel[,]" the court of appeals reasoned, "[a]ny motion to withdraw as appointed counsel

---

**15.** *Sowels,* supra, at 692 & n. 1.

**16.** *Penson v. Ohio,* 488 U.S. 75, at 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) (appellate court "should not have acted on the motion to withdraw before it made its own examination of the record to determine whether counsel's evaluation of the record was sound.")

**17.** *Stafford v. State,* 813 S.W.2d 503, at 511 (Tex.Crim.App.1991) ("If grounds are deemed arguable, the Court of Appeals then must abate the appeal and remand the case to the trial court with orders to appoint other counsel to present those and any other grounds that might support the appeal."). *See also* George E. Dix & Robert O. Dawson, 42 Texas Practice: Criminal Practice and Procedure § 24.153 (2d ed.2001), at 333 & n. 3.

**18.** This particular language did not appear in Article 26.04(a) prior to the 1987 amendment to that provision. *See* Acts 1987, 70th Leg., ch. 979, § 2, eff. Sept. 1, 1987. It currently appears in Article 26.04(j)(2), since that provision was again amended in 2001, shortly after *Sowels* was decided. *See* Acts 2001, 77th Leg., ch. 906, § 6, eff. Jan. 1, 2002. The 2001 amendment added the requirement that before a court appointed attorney could be relieved of his duties or replaced, the trial court must make a finding of good cause and enter that finding on the record.

should be filed with the trial court."[19] But an *Anders* brief, if well taken, does not involve "the appointment or substitution of counsel." Once the appellate court has verified that originally appointed counsel has exercised diligence and that there are in fact no non-frivolous issues to be raised in an appeal, there is no constitutional right to counsel, and the only appropriate action with respect to the motion to withdraw is to grant it. It is only when an *Anders* brief is *not* well taken that it also becomes necessary to appoint or substitute new counsel.

The various courts of appeals are in agreement that they have the authority to grant a motion to withdraw filed by a *retained* attorney who finds he has an ethical duty not to pursue a frivolous appeal, under Rule 6.5 of the Rules of Appellate Procedure, and its predecessors.[20] This is consistent with the ordinary rule, embodied now in Rule 25.2(g) of the Rules of Appellate Procedure, that once the record is filed in the appellate court, the trial court loses jurisdiction, and it is the appellate court that appropriately rules on such matters.[21] In *Enriquez*, the Tenth Court found that Article 26.04(a) is the more specific provision, however, and required that the trial court rule on the motion to withdraw.[22] This was appropriate, because the motion not only requested that Enriquez's original court-appointed attorney be allowed to withdraw, but also requested that other attorneys be substituted to pursue his appeal. Especially given the elaborate mechanism for making court appointments for indigent criminal defendants that is now in place under Article 26.04, it is fitting that a case should be abated to the trial court for substitution of counsel, just as we have held is the correct procedure whenever an *Anders* brief is *not* well taken.

■ When there is no need to appoint new counsel, however, an abatement and remand to the trial court seem far less fitting. If the only action that need be taken is to grant the motion to withdraw, without having to appoint or substitute other counsel, as is the case when an *Anders* brief *is* well taken, nothing in Rule 26.04(a) requires that we deviate from the general rule that once the appellate record is on file with the appellate court, all further proceedings in the trial court are suspended. For the appellate court to entertain the motion to withdraw under Rule 6.5 of the Rules of Appellate Procedure under these circumstances (just as it does for retained attorneys) in no way encroaches upon the legislative prerogative to assign the administrative task of appointing and substituting counsel for indigent defendants to the local trial court, which is presumably in a better position to make such choices. And since no court is constitutionally permitted to rule on the motion to withdraw until the appellate court has decided whether appellate counsel has exercised due diligence and cor-

19. 45 S.W.3d at 692.

20. *E.g., Oldham v. State*, 894 S.W.2d 561, 562–63 (Tex.App.-Waco 1995, no pet.); *Pena v. State*, 932 S.W.2d 31, 32–33 (Tex.App.-El Paso 1995, no pet.); *Nguyen v. State*, 11 S.W.3d 376, 379–380 (Tex.App.-Houston [14th] 2000, no pet.); *Parker v. State*, supra; *Rivera v. State*, 130 S.W.3d 454, 458–59 (Tex. App.-Corpus Christi 2004, no pet.). *See also, Dix & Dawson*, supra, § 24.155, p. 336 ("As a general rule, a retained attorney's withdrawal because of the attorney's conclusion that the appeal is frivolous is treated by the courts of appeals as a motion under Appellate Rule 6.5.").

21. *See, e.g., Lopez v. State*, 18 S.W.3d 637, at 639 (Tex.Crim.App.2000); *Duncan v. Evans*, 653 S.W.2d 38, at 39 (Tex.Crim.App.1983).

22. 999 S.W.2d at 907–908.

rectly determined that the appeal is frivolous, it makes very little practical sense to require appellate counsel to file his motion to withdraw in the trial court, which cannot immediately rule upon it in any event.

■■■ We therefore overrule the Tenth Court's decision in *Sowels* insofar as it held that appellate counsel following the *Anders* procedure must file his motion to withdraw in the trial court. We hold that the courts of appeals have jurisdiction and authority to grant a motion to withdraw that accompanies an *Anders* brief whenever, as here, they find that appellate counsel has exercised professional diligence in assaying the record for error, and they agree that the appeal is frivolous. In such circumstances the court of appeals should grant the motion to withdraw. If, on the other hand, they believe either that appellate counsel has not adequately discharged his constitutional duty to review the record for any arguable error, or that the appeal is not wholly frivolous, notwithstanding appellate counsel's efforts, they must *then* abate the appeal and return the cause to the trial court for the appointment of new appellate counsel in accordance with the Fourteenth Amendment, our case law, and the dictates of Article 26.04 of the Code of Criminal Procedure.[23]

## Conclusion

We do not disturb the judgment of the court of appeals to the extent that it found the appellant's appeal to be wholly frivolous. However, we remand the cause to the court of appeals for reconsideration and resolution of appellate counsel's motion to withdraw in light of this opinion.

---

**23.** In *Johnson v. State*, 885 S.W.2d 641 (Tex. App.-Waco 1994, pet. ref'd), the Tenth Court identified three "educational burdens" that appellate counsel must shoulder whenever he files an *Anders* brief and a motion to withdraw from appellate representation. At that time he must provide his client with a copy of the brief and motion; inform his client that he has the right to file a *pro se* brief; and inform his client that he is entitled to review the appellate record in preparation of such a *pro se* brief. We would add that we have recently held that appellate counsel must also inform his client of his right to pursue a petition for discretionary review in this Court, should the court of appeals deny him relief on appeal. *See Ex parte Owens*, 206 S.W.3d 670 (Tex.Crim.App.2006). Because the court of appeals may agree that the appeal is frivolous and grant appellate counsel's motion to withdraw, appellate counsel should inform his client of the right to pursue a petition for discretionary review while he is still appointed—ideally, at the same time that he satisfies his other "educational burdens."