

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NOS.  **2-08-156-CR**
**2-08-157-CR**
**2-08-158-CR**

TRACI RENE CAHILL                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Traci Rene Cahill entered open pleas of guilty to three charges of possessing a forged check with the intent to pass.  *See* Tex. Penal Code Ann. § 32.21(a), (d) (Vernon Supp. 2008).  She appeals her convictions and

---

[1] *See* Tex. R. App. P. 47.4.

three twenty-month sentences, which the trial court ordered to be served concurrently. We affirm.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, the appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). We gave appellant the opportunity to file a pro se brief, which she did, alleging ineffective assistance by her trial counsel. The State did not file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and appellant's pro se brief. We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the record that might arguably support the

2

appeals.  *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

TERRIE LIVINGSTON
JUSTICE

PANEL:  LIVINGSTON, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 23, 2009