NO. 07-10-00385-CR and 07-10-0386-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
--------------------------------------------------------------------------------
APRIL 12, 2011
--------------------------------------------------------------------------------

 
 DEMARCUS XAVIER MATTHEWS, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;
 
 NO. 58,832-C, 58,972-C; HONORABLE ANA ESTEVEZ, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 ORDER OF ABATEMENT AND REMAND
 
 In two cases on appeal, appellant Demarcus Xavier Matthews challenges his conviction and sentence. On a finding that appellant lacked the means to employ appellate counsel, the trial court appointed James Abbott Jr. to represent appellant on appeal. In both cases, Mr. Abbott filed a motion to withdraw from representation supported by an Anders brief. On the request of appellant, the court extended the deadline for filing a pro se response to counsel's Anders brief until April 6, 2011. 
On April 6, 2011, attorney James E. Wooldridge filed a "notice of substitution of counsel" and a "motion to extend time to file appellant's Anders response" in each case. By the notice, Mr. Wooldridge states he has been retained to represent appellant in his two appeals. The notice contains a prayer requesting the withdrawal of Mr. Abbott and substitution of Mr. Wooldridge as appellate counsel. Although the notice and the motion contain a certificate reflecting service on the Potter County District Attorney, neither indicate service on Mr. Abbott.
The trial court is responsible for appointing counsel to represent indigent defendants, Tex. Code Crim. Proc. Ann. art. 1.051(d) (West Supp. 2010), and possesses the authority to relieve or replace appointed counsel on a finding of good cause. Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (West Supp. 2010). Under some circumstances, it is appropriate for the trial court to exercise the authority to appoint or substitute counsel following abatement and remand. Meza v. State, 206 S.W.3d 684, 688 (Tex.Crim.App. 2006). Notwithstanding the notices filed by Mr. Wooldridge, Mr. Abbott remains appellant's counsel on appeal "until charges are dismissed, the defendant is acquitted, appeals are exhausted, or [Mr. Abbott] is relieved of his duties by the court or replaced by other counsel after a finding of good cause is entered on the record." Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (West Supp. 2010). 
In light of Mr. Wooldridge's statement to this court that he has been retained to prosecute appellant's appeals, we now abate the appeals and remand them to the trial court for further proceedings.
On remand, the trial court shall use whatever means it finds necessary to determine the following:
* Whether appellant still desires to prosecute his appeals;

* Whether Mr. Wooldridge has been retained to represent appellant in the two appeals;

* Whether Mr. Abbott desires to be relieved of his duties as appellate counsel in light of Mr. Wooldridge's representation, and if so, good cause exists to relieve Mr. Abbott of his duties;
4. If Mr. Wooldridge is to be substituted for Mr. Abbott as appellant's counsel, whether appellant's consent to the substitution was properly obtained; and,
5. Any additional issues the trial court finds material to ensuring appellant receives effective assistance of counsel on appeal.

If the trial court finds that Mr. Wooldridge has been retained to represent appellant, that appellant properly consented to the substitution of counsel, and that Mr. Abbott desires to withdraw, the trial court may allow Mr. Abbott to withdraw as counsel.
Concerning the trial court's resolution of the foregoing issues, it shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any orders the court signs to be included in supplemental clerk's records. Should the trial court conduct a hearing of this matter, the evidence and argument presented shall be included in a supplemental reporter's record. The trial court shall cause the supplemental clerk's records and the supplemental reporter's record, if any, to be filed with the clerk of this court on or before May 11, 2011. Should additional time be necessary for performing these tasks, the trial court may request same on or before May 11, 2011. 
Appellant's motion for additional time requested an additional thirty days from April 6 to file his response to counsel's Anders brief. The motion is dismissed as moot. Should the trial court continue Mr. Abbott as appellant's counsel, appellant's pro se response to the Anders brief shall be filed thirty days from the date the cases are reinstated in this court. Should the trial court authorize the withdrawal of Mr. Abbott and substitution of Mr. Wooldridge as appellant's appellate counsel, appellant's appellate brief shall be due thirty days from the date the cases are reinstated. 
 It is so ordered.
 Per Curiam
Do not publish.