NO. 07-11-00085-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 31, 2011

CESAR DAN HERNANDEZ-SANDOVAL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 291ST DISTRICT COURT OF DALLAS COUNTY;

NO. F-0954675-U; HONORABLE SUSAN LYNN HAWK, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Pending before this Court is "Appellant's Motion for Abatement of Appeal to Allow Withdrawal of Counsel and Appointment of New Counsel" in which appointed counsel explains that health complications require that he reduce his appellate workload. Counsel requests, "in the interest of justice for Appellant," that this Court grant counsel leave to withdraw, abate the instant cause, and remand it to the trial court for appointment of new counsel to prosecute appellant's appeal. We will deny the motion in part, grant the motion in part, and remand this cause to the trial court for further proceedings.

When faced with a motion requesting that original court-appointed attorney be allowed to withdraw and that another attorney be substituted to pursue the appeal, the Texas Court of Criminal Appeals has stated that "it is fitting that a case should be abated to the trial court for substitution of counsel," "[e]specially given the elaborate mechanism for making court appointments for indigent criminal defendants that is now in place under Article 26.04." Meza v. State, 206 S.W.3d 684, 688 (Tex.Crim.App. 2006) (citing with approval Enriquez v. State, 999 S.W.2d 906, 908 (Tex.App.—Waco 1999, order)). Under Article 26.04, a court-appointed attorney shall "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel after a finding of good cause is entered on the record." TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2010).

Based on Article 26.04's directives regarding the responsibility for appointing counsel for indigent defendants and the duration of representation by a court-appointed attorney and based on Meza's approval of the abate and remand procedure in this situation, we abate and remand this cause to the trial court to determine whether counsel should be granted leave to withdraw from representation of appellant. See Matthews v. State, Nos. 07-10-00385-CR & 07-10-00386-CR, 2011 Tex. App. LEXIS 2715, *2 (Tex.App.—Amarillo Apr. 12, 2011, no pet.) (mem. op., not designated for publication) (emphasizing that it is the trial court which "possesses the authority to relieve or replace appointed counsel on a finding of good cause"). Therefore, with respect to counsel's request that this Court grant him leave to withdraw from representation at this time, we deny said request. In all other respects, we grant the

motion, abate this cause, and remand it to the trial court for further proceedings so that the trial court may take such measures as may be necessary to assure appellant effective assistance of counsel.

Upon remand the trial court shall determine (1) whether to grant original appointed counsel's motion to withdraw and, if so, (2) whether appellant still desires to prosecute this appeal and is indigent and entitled to new appointed counsel. Concerning the trial court's resolution of the foregoing issues, it shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any orders the trial court signs to be included in a supplemental clerk's record. Should the trial court appoint new counsel for appeal, the name, address, telephone number, and state bar number of counsel shall be included in the order appointing new counsel. Should the trial court conduct a hearing of this matter, the evidence and argument presented shall be included in a supplemental reporter's record. The trial court shall cause the supplemental clerk's records and the supplemental reporter's record, if any, to be filed with the Clerk of this Court on or before September 26, 2011. Should additional time be necessary for performing these tasks, the trial court may request same on or before September 26, 2011.

It is so ordered.

Per Curiam

Do not publish.

3