COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



# ORDER OF ABATEMENT

Appellate case name:     *Korey Adeleye v. The State of Texas*

Appellate case numbers:  01-10-00879-CR, 01-10-00880-CR, 01-10-00881-CR, and 01-10-00882-CR

Trial court case numbers: 1212111 and 1212112

Trial court:              337th District Court of Harris County, Texas

A motion to substitute counsel was filed by attorney Vivian King in appellate cause numbers 01-10-00879-CR and 01-10-00880-CR. These appellate cause numbers are assigned to the appeals of the trial court's denial of Appellant's application for writ of habeas corpus filed in each of the two trial court cases. The motion stated that King has been retained as appellant's counsel on appeal and seeks to substitute King for appellant's court-appointed counsel Frances Northcutt. The motion to substitute was granted on June 17, 2011.

King also filed a motion to substitute in appellate cause numbers 01-10-00881-CR and 01-10-00882-CR. These appellate cause numbers have been assigned to the appeals from the trial court's judgment of conviction in each case. That motion also stated that King is retained counsel on appeal and seeks to substitute for appellant's court-appointed counsel Frances Northcutt. That motion to substitute was granted on June 28, 2011.

King filed a brief on behalf of Appellant on July 28, 2011 in appellate cause numbers 01-10-00879-CR and 01-10-00880-CR, which are assigned to Appellant's appeals from the denial of habeas relief.

When asked by this Court's clerk's office whether she would be filing a brief in the other two appellate cause numbers (i.e., 01-10-00881-CR and 01-10-00882-CR, which are assigned to the appeals from the judgments of conviction), King requested that those cause numbers also be placed on the brief. However, a review of the brief revealed that it contained no substantive discussion or arguments with respect to the trial court's denial of habeas relief. The brief also did not contain proper citations to the reporter's record in support of the first issue identified in the brief. As a result, Appellant's brief was struck by order dated June 25, 2012.

When contacted by this Court's clerk's office, King stated that she had been retained to represent Appellant only in the appeals from the two judgments of conviction (i.e., appellate cause numbers 01-10-00881-CR and 01-10-00882-CR). In a separate telephone conversation, court-appointed attorney Frances Northcutt also stated that she had been appointed only to represent Appellant in his appeals from the judgments of conviction, not in the appeals from the denial of the habeas applications. The record is not clear whether Northcutt was appointed to represent Appellant only in the appeals from the judgments of conviction or whether she was also appointed to represent him in the appeals from the denial of the habeas applications.

In short, the status of Appellant's representation by counsel on appeal needs clarification. For this reason, we withdraw and vacate both (1) the order dated June 17, 2011 granting King's motion to substitute counsel in appellate cause numbers 01-10-00879-CR and 01-10-00880-CR and (2) the order dated June 28, 2011 granting King's motion to substitute counsel in appellate cause numbers 01-10-00881-CR and 01-10-00882-CR.[1]

Accordingly, we abate each of the four above-referenced appeals and remand for the trial court to immediately conduct a hearing, **with respect to each of the four appeals,** at which appellant,[2] his counsel, Frances Northcutt, and a representative of the Harris

---

[1] We also note that pursuant to Code of Criminal Procedure article 26.04, a court-appointed attorney shall "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel after a finding of good cause is entered on the record." TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2). When an appellant files a motion requesting that the original court appointed attorney be allowed to withdraw and that another attorney be substituted to pursue the appeal, the Court of Criminal Appeals has explained that "it is fitting that a case should be abated to the trial court for substitution of counsel," "[e]specially given the elaborate mechanism for making court appointments for indigent criminal defendants that is now in place under Article 26.04." *Meza v. State*, 206 S.W.3d 684, 688 (Tex. Crim. App. 2006) (citing with approval *Enriquez v. State*, 999 S.W.2d 906, 908 (Tex. App.—Waco 1999, order)). Thus, here, the appeals are appropriately abated to permit the trial court to rule on appellant's motions to withdraw court appointed counsel and to substitute counsel. *See Hernandez-Sandoval v. State*, No. 07–11–00085–CR, 2011 WL 4478364, at *1–2 (Tex. App.—Amarillo Aug. 31. 2011, order).

[2] Appellant shall be present for the hearing in person or, if appellant is incarcerated and at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney

County District Attorney's Office shall be present. It would also be beneficial for attorney Vivian King to be present at the hearing. The trial court shall have a court reporter record the hearing.

**With respect to each of the four appeals,** the trial court is directed to make appropriate findings and recommendations on these issues:

(1) whether appellant desires to pursue his appeal; and, if so,

(2) whether counsel, Frances Northcutt, should be allowed to withdraw; and, if so,

(3) whether appellant has retained new counsel to file a brief and, if so, the name, address, telephone number, and State Bar number of retained counsel, *see* TEX. R. APP. P. 38.8(b)(4), or

(4) whether appellant is presently indigent, in which case the trial court should appoint appellate counsel at no expense to appellant, *see* TEX. CODE CRIM. PROC. ANN. art. 26.04.

If the trial court finds that appellant does not wish to pursue the appeal, we shall dismiss the appeal.[3] *See* TEX. R. APP. P. 38.8(b)(4).

**The trial court's findings and recommendations shall be sent to this Court no later than August 13, 2012.** If the hearing is conducted by video teleconference, the trial court's findings and recommendations and a certified video recording of the hearing shall be filed in this Court **no later than August 13, 2012.**

Each of the above-referenced appeals is abated, treated as a closed case, and removed from this Court's active docket. Each appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations, and the reporter's record, if any, are filed in this Court. At that time, a new appellate briefing schedule will be set.

---

representing the State.

[3] Attorneys Frances Northcutt and Vivian King have each questioned, in corresponding with this Court's clerk's office, the propriety of the filing of the applications for writ of habeas corpus by former counsel. It would be beneficial for the trial court to discuss this issue with counsel at the hearing and to determine whether appellant intends to pursue the appeals of the denial of the habeas applications in appellate cause numbers 01-10-00879-CR and 01-10-00880-CR.

The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so **ORDERED**.


Justice's signature: /s/ Laura C. Higley
                              Acting individually


Date: July 13, 2012