

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00375-CR

**PAUL SCOTT BAILEY,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**


**From the County Court at Law No. 1**
**Johnson County, Texas**
**Trial Court No. M201201837**


# ABATEMENT ORDER

Appellant Paul Bailey, who represented himself, was found guilty by a jury of the offense of driving while intoxicated, and the trial court sentenced him to 120 days in jail, probated for two years, and a $1,000 fine. Bailey, still representing himself, has appealed.

On May 27, 2015, Bailey filed a "motion for continuance" (actually, a motion for extension of time) asserting that he is now indigent, that he cannot pay for the supplemental reporter's record (of the testimony of Trooper Richard Zaborowski) that he has requested in this appeal (and that is past due), and that he needs an extension of time

to establish his indigence and additional time for the filing of the supplemental reporter's record.

Indigence matters, including the appointment of counsel for an indigent defendant in a criminal case, are under the sole authority of the trial court. *See Enriquez v. State,* 999 S.W.2d 906, 907-08 (Tex. App.—Waco 1999, order); TEX. CODE CRIM. PROC. ANN. art. 26.04(a); *cf. Meza v. State,* 206 S.W.3d 684, 688 (Tex. Crim. App. 2006). The Court abates this cause for a hearing in the trial court with instructions to determine whether Bailey is now indigent and entitled to a free record and to appointed counsel if he desires appointed counsel.

If the trial court determines that Bailey is indigent and Bailey declines appointed counsel, the trial court is instructed to admonish Bailey on the record "of the dangers and disadvantages of self-representation," TEX. CODE CRIM. PROC. ANN. art. 1.051(g), and to obtain from Bailey a written waiver of his right to counsel that complies with article 1.051(g).

Within twenty-one (21) days after the date of this order, the trial court shall conduct a hearing and make the above determination and take the above actions, if necessary. Within thirty-five (35) days after the date of this order, the trial court clerk and court reporter shall file any supplemental records pertaining to the hearing and this order. If the trial court determines that Bailey is not indigent, Bailey shall be responsible for the cost of those supplemental records, and he shall pay or make arrangements to pay the clerk's and the reporter's fees for these supplemental records.

Bailey's motion for continuance (for extension of time) is dismissed as moot. If the trial court determines that Bailey is indigent and entitled to a free supplemental reporter's record of Zaborowski's testimony, it shall be due to be filed with the Clerk of this Court within fourteen (14) days of that determination. If the trial court determines that Bailey is not indigent, within fourteen (14) days of that determination, Bailey shall pay or make arrangements to pay the reporter's fee for that supplemental reporter's record.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Cause abated
Order issued and filed June 11, 2015
Do Not Publish

