

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00420-CR
### NO. 02-14-00421-CR

AMANDA JANE STANLEY                                                APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NOS. CR12558, CR12699

----------

## MEMORANDUM OPINION[1]

----------

Appellant Amanda Jane Stanley pleaded guilty to possession of methamphetamine in the amount of less than one gram in both trial cause numbers  The trial court, pursuant to a plea bargain, placed Stanley on deferred adjudication community supervision.   Later, the trial court found the State's alleged violations of Stanley's community supervision to be true, revoked her

---

[1]See Tex. R. App. P. 47.4.

community supervision, and adjudicated her guilty in both causes. The trial court then sentenced Stanley to two years in jail for each trial cause number, with the sentences to run concurrently.

Stanley's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion. Counsel avers that in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). This court informed Stanley that she could file a pro se brief, and she did. The State did not submit a brief, but rather submitted a letter stating that it agreed with appellate counsel that this appeal is wholly frivolous.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, the State's letter, and Stanley's pro se brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably

2

support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL:  MEIER, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 25, 2015