

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00133-CR

**THE STATE OF TEXAS,**

**Appellant**

**v.**

**LOUIS HOUSTON JARVIS, JR.,**

**Appellee**

**From the County Court at Law No. 1
McLennan County, Texas
Trial Court No. 2014-2709-CR1**

## ABATEMENT ORDER

On August 6, 2015, this Court received a "Motion to Withdraw as Attorney" and a "Motion for Substitution of Attorneys" filed by attorney Walter M. Reaves Jr. and joined by attorney Guy Cox.[1]  In these motions, Reaves indicates that he wishes to substitute for Cox who has been representing appellee as appointed counsel.

---

[1] Reaves has also filed a motion for extension of time to file "Appellant's brief."  Notwithstanding the fact that Louis Houston Jarvis Jr. is the appellee in this matter, at this time, we take no action on the motion for extension of time or any other motion in the case.

The appointment of counsel of an indigent defendant is under the sole authority of the trial court. *See Enriquez v. State*, 999 S.W.2d 906, 907-08 (Tex. App.—Waco 1999, order); TEX. CODE CRIM. PROC. ANN. arts. 1.051(d)(1), 26.04(a) (West Supp. 2014); *cf. Meza v. State*, 206 S.W.3d 684, 688 (Tex. Crim. App. 2006). During an appeal, the trial court retains jurisdiction to appoint counsel for an indigent defendant. *See Enriquez*, 999 S.W.2d at 908; *see also Meza*, 206 S.W.3d at 688.

Accordingly, we abate this appeal to the trial court to conduct any necessary hearings for a determination of Jarvis's indigence and whether counsel should be appointed. Any hearing should be held within 28 days of the date of this Order. The supplemental clerk's and reporter's records required by the rule, if any, are ordered to be filed within 42 days of the date of this Order.


PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal abated
Order issued and filed September 3, 2015
Do not publish

