

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-15-00139-CR

___

DONALD AEKINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 403rd District Court
Travis County, Texas
Trial Court No. D-1-DC-12-904056, Honorable Brenda Kennedy, Presiding

___

October 15, 2015

## ORDER

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Donald Aekins, a Texas prison inmate appearing *pro se,* has appealed the trial court's order denying his motion for post-conviction DNA testing pursuant to Chapter 64 of the Code of Criminal Procedure. On our own initiative, we now take up Aekins' request for appointment of appellate counsel.[1] In ruling on Aekins' Chapter 64

___

[1] In a petition for writ of mandamus filed in this court, Aekins complained the trial court would not rule on his request for appointment of appellate counsel. *See In re Aekins,* 07-15-00293-CR (Tex. App.—Amarillo Oct. 15, 2015, orig. proceeding) (per

motion, the trial court denied appointment of counsel after finding the requirements of article 64.01(c)[2] were not satisfied. Aekins, nevertheless, believes himself entitled to appointed counsel on appeal.

An indigent convicted person has a "limited right to appointed counsel" for assistance in filing a motion for post-conviction DNA testing. *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011). Entitlement to appointed counsel is subject to the conditions set out in article 64.01(c). *Id.* As noted, the trial court has already addressed the appointment of counsel question under article 64.01(c). This court previously has noted that article 64.01(c), which is the only provision of Chapter 64 that addresses entitlement to counsel, does not distinguish between the trial and appellate stages of the proceeding. *Watson v. State*, No. 07-06-0414-CR, 2006 Tex. App. LEXIS 10002 (Tex. App.—Amarillo November 16, 2006) (per curiam order) (not designated for publication); *see* TEX. CODE CRIM. PROC. ANN. art. 64.01(c). We see no reason to believe the trial court would view the issue of Aekins' entitlement to counsel any

_____

curiam) (mem op., not designated for publication). We have this date issued our opinion and judgment in that original proceeding.

With regard to Aekins' expectation that the trial court would address his request for appointment of counsel on appeal, we note that the appellate record already had been filed in this court by the time Aekins filed his motion. *See* TEX. R. APP. P. 25.2(g).

[2] Providing in pertinent part:

A convicted person is entitled to counsel during a proceeding under this chapter. The convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent.

TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (West Supp. 2014).

2

differently now than previously.[3]  And on appeal Aekins has not as yet shown that the trial court erred in its denial of counsel on his initial request,[4] nor has he otherwise given us a reason to conclude he is entitled to counsel now.  We therefore decline to remand the case for the trial court's consideration of appointment of appellate counsel, and similarly decline to order appointment of appellate counsel.

In support of his request for appellate counsel, Aekins also makes reference to paragraphs (d)(1) and (d)(4) of article 1.051 of the Code of Criminal Procedure.  TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1), (4) (West Supp. 2014).  In this Chapter 64 proceeding, article 1.051 has no application.  *Cloud v. State*, Nos. 05-07-01414-CR & 05-07-01415-CR, 2008 Tex. App. LEXIS 5893, at *2-3 (Tex. App.—Dallas Aug. 6, 2008, pet. refused) (finding art. 1.051 inapplicable to appellant in Chapter 64 proceeding because when he filed his motion for post-conviction DNA testing, he was not a criminal defendant and art. 1.051 pertains to defendants in adversarial judicial proceedings, citing art. 1.051(a)).

It is so ordered.

Per Curiam

Do not publish.

---

[3] *Cf. Meza v. State,* 206 S.W.3d 684, 688 (Tex. Crim. App. 2006) (regarding remand for change of counsel).

[4] *See Gutierrez v. State*, 307 S.W.3d 318, 322-23 (Tex. Crim. App. 2010) (a convicted person may challenge on appeal a trial judge's refusal to appoint counsel; if reviewing court finds refusal was error, case will be remanded so convicted person may file subsequent motion for DNA testing with assistance of counsel).