

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00151-CR

**KARL RIGMAIDEN,**

                                                             **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                             **Appellee**

<hr>

### From the 52nd District Court
### Coryell County, Texas
### Trial Court No. FDWI-13-21993

## ABATEMENT ORDER

In this case, appellant, Karl Rigmaiden, was convicted for driving while intoxicated-3rd or more. *See* TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2016). On May 13, 2016, Rigmaiden's appointed counsel, Denton B. Lessman, filed a notice of appeal on Rigmaiden's behalf. Subsequently, Lessman filed a motion to withdraw and an accompanying *Anders* brief in this matter, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Thereafter, on December 15,

2016, this Court informed the parties that the matter would be set for submission without oral argument on January 11, 2017.

In the meantime, this Court became aware of a possible contractual-work relationship between Lessman and the Coryell County District Attorney's Office—the office that prosecuted Rigmaiden in this case. Accordingly, on January 24, 2017, this Court requested information from Lessman regarding the scope of his work arrangement, if any, with the Coryell County District Attorney's Office. This Court is concerned about any possible conflicts of interest in this case.

On January 27, 2017, in response to our request, Lessman filed two motions in this matter. In his motion to withdraw, Lessman indicated that he began serving as a special prosecutor with the Coryell County District Attorney's Office in December 2016. Lessman noted that he took steps to ensure that his service in the Coryell County District Attorney's Office does not create a conflict of interest in this case or any of his other cases originating in Coryell County. Nevertheless, Lessman requested that, out of an abundance of caution, he be allowed to withdraw as appointed counsel for Rigmaiden and that substitute counsel be appointed. In his second motion, Lessman reiterated much of his motion to withdraw and requested that this Court abate and remand this appeal to the 52nd District Court for the consideration of his motion to withdraw and appointment of substitute counsel.

Because the withdrawal of court-appointed counsel and the appointment of new counsel are under the sole authority of the trial court, we grant Lessman's motion to abate and remand this matter to the trial court for consideration of his motion to withdraw. *See Meza v. State*, 206 S.W.3d 684, 688 (Tex. Crim. App. 2006); *see also Enriquez v. State*, 999 S.W.2d 906, 907-08 (Tex. App.—Waco 1999, order). Consequently, we abate this appeal and remand the cause to the trial court to consider Lessman's motion to withdraw and his request for the appointment of new counsel. The trial court shall conduct any necessary hearings within twenty-eight (28) days after the date of this order. The trial court clerk and court reporter shall file supplemental records within forty-two (42) days after the date of this order.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal abated
Order issued and filed February 15, 2017
Do not publish
[CR25]

