ACCEPTED
06-18-00001-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/28/2018 2:53 PM
DEBBIE AUTREY
CLERK

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

3/28/2018 2:53:57 PM

DEBBIE AUTREY
Clerk

**No. 06-18-00001-CR**

In the
Court of Appeals
for the
Sixth District of Texas
at Texarkana

————————◆————————

**No. 17-0208X**

In the 71st District Court of
Harrison County, Texas

————————◆————————

**JORDAN LAJUAN LONDON**
**V.**
**THE STATE OF TEXAS**

————————◆————————

ANDERS BRIEF

————————◆————————

**KIMBERLEY MILLER RYAN**
Attorney for Jordan LaJuan London
State Bar No:  24053602
203 N. Wellington St.
Marshall, TX 75670
(903) 471-0816 phone
(888) 753-8808 fax
kimryanlaw@gmail.com

APPELLANT DOES NOT REQUEST ORAL ARGUMENT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, appellant does not request oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Counsel for the State:

**COKE SOLOMON** — District Attorney of Harrison County

200 W. Houston St. STE 206, Marshall, TX 75670

**SHAWN CONNALLY** — Assistant District Attorney at trial

200 W. Houston St. STE 206, Marshall, TX 75670

Appellant:

**JORDAN LAJUAN LONDON**

Counsel for Appellant:

**KYLE DANSBY** — Counsel at trial

P.O. Box 1914, Marshall, TX 75671

**KIMBERLEY MILLER RYAN** — Counsel on appeal

Trial Judge:

**HON. BRAD MORIN**

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT……………….……………i

IDENTIFICATION OF THE PARTIES…………………………….…………...i

TABLE OF CONTENTS……………………………………………………...ii

INDEX OF AUTHORITIES……………………………………….…………iii

SUMMARY OF THE CASE……………………………………………….…..1

STATEMENT OF FACTS……………………………………….…………1

ISSUES PRESENTED……………………………………………………...1

SUMMARY OF THE ARGUMENT……………………………….………..2

POINTS OF ERROR……………………………………………………2

CONCLUSION…………………………………………………..…6

CERTIFICATE OF COMPLIANCE………………………….……………6

CERTIFICATE OF SERVICE……………………………………….…...…7

# INDEX OF AUTHORITIES

## CASES

*Balderas v. State*, 517 S.W.3d 756 (Tex.Crim.App.2016).

*Holland v. Texas*, 761 S.W.2d 307 (Tex.Crim.App. 1988).

*Meza v. Texas*, 206 S.W.3d 684 (Tex.Crim.App. 2006).

*Strickland v. Washington*, 466 U.S. 668 (1984).

## STATUTE

Texas Pen. Code 29.03

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

A pretrial hearing on a Motion to Suppress was held on November 20, 2017 in this matter (CR 27). The Motion was denied on the record. (RR 42). On December 18, 2017, Appellant entered a plea of no contest to an Aggravated Robbery charge in exchange for a plea bargain of 15 (fifteen) years in the Texas Department of Criminal Justice. (CR 32) (RR 8). He accepted his sentence, and waived his right to appeal, reserving only his right to appeal the pretrial motion wherein relief was denied. (SCR 14) (RR 8). On January 2, 2018, Appellant filed his Notice of Appeal (CR 50), with an Amended Notice of Appeal following on January 5, 2018. (SCR 8).

## STATEMENT OF FACTS

The out-of-court identification of Jordan LaJuan London was made by the mother of a codefendant who had gone to the police station to discuss the case. (RR 16). The police showed her a video and she identified her son, and she also identified Jordan LaJuan London by name due to his walk, as his face was covered. (RR 16-17). When asked if she was certain, she responded that she had "damn near" raised him. (RR 34-35).

## ISSUES PRESENTED

There is no arguable issue in this case.

## SUMMARY OF THE ARGUMENT

This is an Anders brief in support of counsel's motion to withdraw.

The Due Process Clause prohibits the admission of identification into evidence only when its introduction "is so extremely unfair that its admission violates fundamental conceptions of justice." *Balderas v. State*, 517 S.W.3d 756 (Tex.Crim.App.2016). The Constitution generally protects a defendant against a conviction based on unreliable evidence, not by prohibiting its introduction, but by giving the defendant the ability to persuade the jury that the evidence should be discredited. *Id.* A defendant has the burden to establish by clear and convincing evidence that the pretrial procedure was impermissibly suggestive. *Id.*

There is no evidence on the record of any inappropriate or influential comment or behavior on behalf of any of the officers present at the pretrial identification of Appellant by his codefendant's mother. The evidence in the records throughout the Motion to Suppress hearing is merely a challenge to her credibility as a witness, and not a challenge to the admissibility of the evidence itself based on a corruption of the way in which it was obtained. The issue of whether or not the pretrial identification of the Appellant was credible or reliable was an issue to be determined by a fact finder in a trial proceeding, not in a pretrial motion to suppress. The trial court's denial of the Motion to Suppress was proper. The judgment and sentence accurately reflect the trial

2

judge's ruling and the sentence is within the range of punishment allowed for aggravated robbery. Finally, the trial counsel's representation of Appellant was effective.

In light of the above stated summary, no arguable issues of reversible error exist in this case.

## POINTS OF ERROR

There is no arguable point of error in this case.

This is an Anders brief in support of appellate counsel's motion to withdraw. In compliance with the Anders procedure, as set forth in *Meza v. Texas*, 206 S.W.3d 684 (Tex.Crim.App. 2006), appellate counsel has filed:

1.    Motion to Withdraw

2.    Notice of Filing of Anders Brief, which includes a copy of the letter to the defendant informing him that:

    a.    Counsel has provided him a copy of brief;

    b.    Counsel has informed him of the right to review the record;

    c.    Counsel has informed him of the right to file a brief or other response on his own behalf; and

    d.    Counsel has informed him of the right to pursue a petition for discretionary review in the Texas Court of Criminal Appeals, should the Court of Appeals deny him relief on appeal.

The appeal at issue here is solely based on the pretrial motion to suppress, as Appellant waived his appellate rights to all other issues on the record during his plea, and in the Trial Court's Certification of Waiver of Right to Appeal, and only reserved the right to appeal his pretrial motions. As such, Counsel has reviewed the entire clerk record and both reporter's records for the following:

1.      Trial court ruling regarding suppression of pretrial identification.

2.      Judgement and Sentence.

3.      Effectiveness of trial counsel.

PRETRIAL IDENTIFICATION

The Due Process Clause prohibits the admission of identification into evidence only when its introduction "is so extremely unfair that its admission violates fundamental conceptions of justice." *Balderas v. State*, 517 S.W.3d 756 (Tex.Crim.App.2016). The Constitution generally protects a defendant against a conviction based on unreliable evidence, not by prohibiting its introduction, but by giving the defendant the ability to persuade the jury that the evidence should be discredited. *Id.* A defendant has the burden to establish by clear and convincing evidence that the pretrial procedure was impermissibly suggestive. *Id.*

There is no evidence on the record of any inappropriate or influential comment or behavior on behalf of any of the officers present at the pretrial identification of Appellant by his codefendant's mother. The issue of whether or not the pretrial identification of the Appellant was credible or reliable was an issue to be determined

4

by a fact finder in a trial proceeding, not in a pretrial motion to suppress. The trial court's denial of the Motion to Suppress was proper.

JUDGMENT AND SENTENCE

The Judgment and Sentence properly reflect the trial judge's ruling as reflected on his entry on the docket sheet. (CR 48). Further, the sentence of 15 (fifteen) years imposed by the trial court falls within the range of punishment stated for aggravated robbery in the Texas Penal Code, which states the charge is a felony of the first degree with punishment range beginning at five years and ending at 99 or life. Texas Pen. Code 29.03. Accordingly, the Judgement and Sentence is proper.

EFFECTIVENESS OF TRIAL COUNSEL

The Court of Criminal Appeals states the standard of review regarding the issue of ineffectiveness of counsel in *Holland v. Texas*, 761 S.W.2d 307 (Tex.Crim.App. 1988). In *Holland*, the Court adopts the rule set forth in *Strickland v. Washington*, which states in order to show ineffective assistance of counsel, a defendant must show his trial counsel's performance was deficient, in that counsel made such serious errors he was not functioning effectively as counsel, and that the deficient performance prejudiced the defense to such a degree that appellant was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668 (1984). Prejudice is shown by demonstrating that there was a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Id.*

Here, counsel made no perceivable errors on the record, and Defendant pled guilty in exchange for a plea bargain, thereby eliminating the consideration of the prejudice element of the *Strickland* test, so there was no ineffective assistance of counsel.

## CONCLUSION

After examining the facts of the case in light of the applicable law, counsel on appeal believed there is no basis for presenting any legally nonfrivolous issue. For the foregoing reasons, counsel respectfully requests that this Court conduct an independent examination of the record for any prejudicial error. Counsel asks the Court to grant her Motion to Withdraw.

/s/ KIMBERLEY MILLER RYAN
**KIMBERLEY MILLER RYAN**
Attorney for Appellant
110 S. Bolivar St. B2
Marshall, TX 75670
SBN 24053602
(903) 471-0816 phone
(888) 753-8808 fax
kimryanlaw@gmail.com

## CERTIFICATE OF COMPLIANCE

In accordance with the Texas Rules of Appellate Procedure, I hereby certify that appellant's brief, filed on March 26, 2018 contains 1402 words, excluding introductory pages, based upon a word count under MS Word.

/s/ Kimberley Miller Ryan
**KIMBERLEY MILLER RYAN**
Attorney for APPELLANT
State Bar No: 24053602
110 S. Bolivar St. B2
Marshall, TX 75670

903.471.0816
Fax: 888.753.8808
kimryanlaw@gmail.com

## CERTIFICATE OF SERVICE

I certify that a copy of this brief was served on the State of Texas on March 26, 2018.

In accordance with the Anders guidelines, I further certify that a copy of this brief for Appellant is being mailed on the same day to Appellant, and that counsel has reasonably attempted to communicate in a manner and language understood by Appellant that: 1) counsel has fully examined the record and reviewed the relevant law, and there are no meritorious issues for appeal; 2) counsel has therefore moved to withdraw; 3) if granted, the motion will result in dismissal of the appeal; 4) but Appellant has a right to file a response in English, opposing counsel's motion, within 30 days.

/s/ Kimberley Miller Ryan
**KIMBERLEY MILLER RYAN**
Attorney for Appellant