

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00378-CR

———————————————

DAVID MARTIN TIJERINA, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13899

---

Before Birdwell, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant David Martin Tijerina pleaded guilty to the continuous sexual abuse of a child younger than fourteen years of age. *See* Texas Penal Code Ann. § 21.02. After conducting a punishment hearing, the trial court sentenced Tijerina to life. The trial court certified that this "is not a plea-bargain case, and the defendant has the right of appeal." We will modify the assessed court costs in the trial court's judgment and affirm the judgment as modified.

Tijerina's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).

In compliance with *Kelly v. State*, counsel notified Tijerina of the motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Tijerina's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Tijerina the opportunity to file a response on his own behalf, and he did. The State did not file a brief in this case.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is

frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, Tijerina's pro se response, and the record. Our independent review of the record revealed that the bill of costs includes a capias warrant fee of $50 as part of the $715 assessed against Tijerina. The statute governing fees for services of peace officers provides that a defendant convicted of a felony shall pay $5 when a peace officer arrests him without a warrant and $50 for executing or processing an issued arrest warrant or capias. *See* Tex. Code Crim. Proc. Ann. art. 102.011(a)(1), (2). In this case, police arrested Tijerina without a warrant. No arrest warrants appear in the record for any subsequent arrest, nor do any capiases even though Tijerina included "[c]apias" in his written designation of documents to be included in the appellate clerk's record. The fee assessed should have been a $5 warrantless arrest fee. *See id.* art. 102.011(a)(1). We thus modify the judgment and incorporated order to withdraw funds and the bill of costs to delete $45 from the total court costs assessed, leaving total costs of $670. *See Guerin v. State*, Nos. 02-18-00509-CR, 02-18-00510-CR, 2019 WL 4010361, at *2 (Tex. App.—Fort Worth Aug. 26, 2019, no pet.) (mem. op., not designated for publication).

Except for the improperly imposed capias fee, we agree with counsel that this appeal is wholly frivolous and without merit—we find nothing in the record before us

that arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw, and we affirm as modified the trial court's judgment and order to withdraw funds incorporated into the judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 7, 2019