In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-19-00422-CR**

**ROBERT EARL FOSTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 1st District Court**
**Jasper County, Texas**
**Trial Cause No. 13754JD**

**ORDER**

A grand jury indicted Robert Earl Foster for the third-degree felony offense of theft of property in an amount between $30,000.00 and $150,000.00. *See* Tex. Penal Code Ann. § 31.03. Following a trial, a jury convicted Foster and the trial judge sentenced him to confinement in the Texas Department of Criminal Justice for eight years. Foster timely appealed.

The attorney appointed to represent Foster in his appeal filed an *Anders* brief which asserted that the attorney diligently reviewed the record and found no

meritorious claims on which to appeal Foster's sentence and that any appeal would be frivolous. *See Anders v. California*, 386 U.S. 738, 744–45 (1967); *High v. State*, 573 S.W.2d 807, 810–13 (Tex. Crim. App. [Panel Op.] 1978). Court-appointed counsel also filed a motion to withdraw requesting that he be permitted to withdraw in the event this Court determines appointment of new counsel and re-briefing is necessary. Foster filed a *pro se* response to court-appointed counsel's *Anders* brief.

Our review of the record reveals that Foster's court-appointed appellate counsel also served as his court-appointed trial counsel. The record also establishes the substantial likelihood that a conflict existed in the trial court between appointed counsel and Foster. *See Quinonez v. State*, No. 07-19-00149-CR, 2020 WL 62630, at \*1 (Tex. App.—Amarillo Jan. 6, 2020, order) (not designated for publication) (remanding for appointment of new counsel "without a potential conflict of interest to independently represent Appellant" where same attorney represented defendant at trial and on appeal and defendant was critical of counsel's performance). Therefore, we are not satisfied that counsel was able to "adequately discharge[ ] his constitutional duty to review the record for any arguable error[.]" *See Meza v. State*, 206 S.W.3d 684, 689 (Tex. 2006). Accordingly, we must remand the case to the trial court for appointment of new appellate counsel. *See id.*

It is, therefore, ORDERED that counsel's motion to withdraw is GRANTED, the appeal is ABATED and the cause is REMANDED to the trial court for

appointment of new counsel for Appellant, Robert Earl Foster. A supplemental clerk's record containing the order appointing new counsel shall be filed with the Court by November 16, 2020. Appellant's brief shall be due thirty days after the appeal is reinstated. The State's brief shall be due thirty days after the Appellant's brief is filed. We remove the case from the submitted docket. The appeal will be re-submitted after the briefs have been filed.

ORDER ENTERED October 16, 2020.

PER CURIAM

Before McKeithen, C.J., Kreger, and Horton, JJ.