

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00395-CR

MARCUS JENKINS                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Marcus D. Jenkins appeals the revocation of his felony deferred adjudication community supervision, his conviction for the offense of continuous violence against the family, and his sentence of five years' confinement. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

On June 14, 2011, Appellant pleaded guilty to the underlying offense of assault bodily injury (continuous violence against the family). *See* Tex. Pen. Code Ann. § 25.11 (West 2011). Under the terms of his plea deal, Appellant received two years' deferred adjudication community supervision. On October 28, 2011, the State filed its petition to proceed to adjudication. In its first amended petition, filed on August 10, 2012, the State alleged that Appellant failed to report for the months of July to December 2011 and January to July 2012; failed to pay the supervision fee for July to December 2011 and January to July 2012; failed to pay the Crime Stoppers fee within thirty days from the date of his community supervision; failed to report directly to the District Clerk's office to make payment arrangements; and, on August 5, 2012, gave a false or fictitious name to a peace officer who had lawfully arrested or detained him. Appellant pleaded true to violating the terms and conditions of his deferred adjudication community supervision.

At the hearing, Appellant testified that he did not make payment arrangements because he forgot, and he never returned to set up a payment plan because he was scared. Appellant testified that he has six children and three more on the way and is unemployed. He denied having a drug problem, but occasionally smoked marijuana "to calm [himself] down" because he has an "anger problem." Appellant stated that he lived with his mother but had not lived there long because he would get in trouble for "not wanting to follow the rules and do what [he] wanted to do."

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In the brief, counsel states that in his professional opinion, this appeal is frivolous and without merit. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Appellant had the opportunity to file a pro se brief but did not do so. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the grounds that an appeal is frivolous and fulfills the requirements of *Anders*, we have a supervisory obligation to undertake an examination of the proceedings. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only after our independent review is complete may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with appellate counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

3

                                    LEE GABRIEL
                                    JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 1, 2013