

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

## No. 02-18-00446-CR

———————————————————

VINCENT LEE SEAMAN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1491876W

---

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Pursuant to a plea bargain, Appellant Vincent Lee Seaman pleaded guilty in 2017 to first-degree-felony engaging in organized criminal activity by committing aggravated assault. *See* Tex. Penal Code Ann. § 71.02. He was placed on deferred-adjudication community supervision for five years. In June 2018, the State petitioned to proceed to adjudication based on ten alleged violations of the community-supervision terms, including allegations of threatening multiple police officers with a deadly weapon (his car), failing to report to his probation officer, and failing to submit to drug testing. A hearing was held in September 2018, and the trial court found five allegations true, adjudicated Appellant guilty, and sentenced him to 40 years. Appellant now appeals.

Appellant's court-appointed appellate counsel filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.* at 741–42, 87 S. Ct. at 1399. Appellant filed a response, but he did not demonstrate any arguable grounds for relief.

As the reviewing appellate court, we must independently examine the record to decide whether counsel is correct in determining that an appeal in this case is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Having

2

carefully reviewed the record and the *Anders* brief, we agree with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 23, 2020