**GRANT and ABATE and Opinion Filed July 19, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00121-CR**

**TORREY LADARIUS GRAY, Appellant**[1]
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-76009-Q**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Osborne

Appellant Torrey Ladarius Gray pleaded guilty in an open plea to aggravated

assault against a public servant in trial court cause number F19-76009-Q. At the

conclusion of a January 23, 2020 hearing at which appellant and five other witnesses

testified, the trial court accepted appellant's plea of guilty, found appellant guilty,

made an affirmative finding that a deadly weapon (a firearm) was used, and

---

[1] The notice of appeal gives appellant's name as "Torrey L. Gray," the docketing statement and *Anders* brief give appellant's name as "Torrey Gray," and appointed appellate counsel's motion to withdraw gives appellant's name as "Torrey Ladarius Gray." The name we have given appellant in the case style, "Torrey Ladarius Gray," reflects the party's name in the trial court's judgment of conviction.

sentenced appellant to twenty-five years' confinement in prison. The trial court entered judgment accordingly.[2]

Appellant timely filed a notice of appeal and pauper's oath for the appointment of counsel. On January 24, 2020, the trial court appointed appellate counsel to represent appellant on appeal.

On May 22, 2020, appellant's appointed appellate counsel filed a motion to withdraw as counsel on appeal pursuant to *Anders v. California*, 386 U.S. 738, 744–45 (1967), stating that after a "careful evaluation of the clerk's record and the reporter's record" and applicable law, he has concluded "there are no arguable grounds to be raised to support an appeal of this cause and the appeal is frivolous." Appointed appellate counsel also filed a separate brief in which he concluded, "After thorough examination of the clerk's record and reporter's record, counsel can find no point of error that can be supported by the record," stating he had "discussed the evidence and the documents in the record, citing references to the record."

In his motion to withdraw, appellant's appointed counsel also stated he had (1) provided appellant with a copy of the motion and the brief in support of the

---

[2] Appellant also pleaded guilty in an open plea to aggravated robbery in trial court cause number F19-54568-Q and aggravated assault against a public servant in trial court cause numbers F19-75964-Q, F19-76047-Q, and F19-76008-Q. These four cases were tried together with trial court cause number F19-76009-Q at the January 23, 2020 hearing, and the trial court sentenced appellant to twenty-five years' confinement in each case, with the sentences running concurrently. Appellant appeals the judgments of conviction in these other four cause numbers in appeal numbers 05-20-00117-CR, 05-20-00118-CR, 05-20-00119-CR, and 05-20-00120-CR. Appointed appellate counsel also filed a motion to withdraw and *Anders* brief in these other four appeals, which we address by separate opinion.

–2–

motion, (2) informed appellant of his right to file a brief on his own behalf, and (3) provided appellant with a copy of the clerk's and reporter's records.

By letter dated May 28, 2020, we advised appellant of his right to file a pro se response by July 6, 2020, and that the failure to file a pro se response by that date would result in the case being submitted on the brief filed by appointed appellant counsel. To date, this Court has not received a pro se response from appellant.

When we receive an *Anders* brief from a court-appointed appellate attorney asserting no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (en banc). If we conclude, after conducting an independent review, that appointed "appellate counsel has exercised professional diligence in assaying the record for error" and agree that the appeal is frivolous, we should grant counsel's motion to withdraw and affirm the trial court's judgment. *Owens v. State*, No. 05-19-00371-CR, 2020 WL 5228149, at *2 (Tex. App.—Dallas Sept. 2, 2020, no pet.) (mem. op.) (not designated for publication) (citing *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006), *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008), and *Crowe v. State*, 595 S.W.3d 317, 320 (Tex. App.—Dallas 2020, no pet.)). If, however, we conclude either that appointed appellate counsel has not adequately discharged the constitutional duty to review the record for any arguable error or that the appeal is not wholly frivolous, we may abate the appeal and return the cause to

the trial court for the appointment of new appellate counsel. *See id.* (citing *Meza*, 206 S.W.3d at 689, and *Crowe*, 595 S.W.3d at 320).

Without reaching the merits of this appeal, we conclude at least one arguable issue exists. The original indictment recited an offense date of "on or about the 25th day of June, 2019." Similarly, the judicial confession in the clerk's record[3] recited an offense date of "on or about the 25th day of June, 2019," and the judgment of conviction recited an offense date of "6/25/2019."

On January 27, 2020, however, four days after the trial court had sentenced appellant, the State filed a "Motion to Amend Indictment," asking to amend the indictment "pursuant to Tex. Code Crim. Proc. Ann. [a]rt. 28.10." In the motion, the State asked the trial court to allow the amending of the indictment so that "on or about the 25th day of June, 2019" was replaced with "on or about the 10th day of May, 2019."[4] The State attached to the motion a copy of the original indictment with proposed handwritten changes, as reflected in the excerpt below:

---

[3] At the January 23, 2020 hearing, the trial court admitted appellant's judicial confessions into evidence as "Exhibit 1"; but for this exhibit, the reporter's record includes only a cover page that states, "STATE'S EXHIBIT NO. 01 JUDICIAL CONFESSIONS." The trial court also admitted "Michael Morton compliance paperwork" into evidence as "Exhibit 2"; but for this exhibit, the reporter's record also includes only a cover page that states, "STATE'S EXHIBIT NO. 02 MICHAEL MORTON DOCUMENTATION."

[4] We note that the indictments and judicial confessions in the clerk's record in the other three aggravated-assault-against-a-public-servant cases tried with this case recited an offense date of "on or about the 9th day of May, 2019," and the offense date recited in the judgments of conviction in those three cases is "5/9/2019."

–4–

The Grand Jury of Dallas County, State of Texas, duly organized at the July Term, A.D., 2019 of the 291st Judicial District Court for said County, upon its oath do present in and to said Court at said term;

That **TORREY LADARIUS GRAY**, hereinafter called Defendant, on or about the 25th day of June 2019 in the 10th May

The trial court signed an order granting the State's motion on January 27, 2020.

Article 28.10 of the Texas Code of Criminal Procedure states, "A matter of form or substance in an indictment or information may . . . be amended after the trial on the merits commences if the defendant does not object." TEX. CODE CRIM. PROC. ANN. art. 28.10(b). The article further states, "An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced." TEX. CODE CRIM. PROC. ANN. art. 28.10(c).

Here, the Motion to Amend Indictment was filed by the State and granted by the trial court four days after the trial court had already sentenced appellant. Although the motion further stated, "The defense counsel does not object to this change since this change does not change the charge on the indictment," the motion is not signed by appellant, appellant's trial counsel, or appellant's appellate counsel (who had been appointed by that date). Further, we have found nothing in the record indicating appellant himself was notified of the State's motion. The certificate of service stated that a copy of the motion had been emailed only to "Attorney for the Defendant" on January 27, 2020.

Appointed appellate counsel's brief does not acknowledge or address the trial court's granting of the State's Motion to Amend Indictment four days after it had sentenced appellant. We conclude the trial court's granting of the State's Motion to Amend Indictment after sentencing presents at least one arguable issue.

Further, appointed appellate counsel's brief does not acknowledge or address the fact that the judgment of conviction recites an offense date of June 25, 2019, in light of the Motion to Amend Indictment.[5] Although in an *Anders* appeal we may reform or modify a judgment due to clerical errors, we decline to do so at this time with respect to the date of offense recited in the judgment in trial court cause number F19-76009-Q because (1) we have not yet determined whether the offense date is merely a clerical error on this record and (2) we have identified at least one additional arguable issue with respect to trial court's granting of the State's Motion to Amend Indictment.

## Conclusion

Accordingly, by separate order, we grant appointed appellate counsel's motion to withdraw, strike the *Anders* brief filed in this appeal, remand trial court cause number F19-76009-Q to the trial court, and order the trial court to appoint new appellate counsel to represent appellant. New appellate counsel should investigate the record and file a brief on behalf of appellant that addresses all plausible grounds

---

[5] Appointed appellate counsel also does not address the fact that the offense date recited in the judicial confessions and judgments of conviction in the other three aggravated-assault-against-a-public-servant cases tried with this case is "on or about the 9th day of May, 2019" or "5/9/2019," respectively.

for appeal. New appellate counsel should investigate the status of the appellate record and take necessary action, if any, to ensure the record is complete and accurate.

We further order, by separate order, the trial court to inform this Court in writing of the identity of new appellate counsel, new appellate counsel's contact information, and the date new appellate counsel is appointed. We remove appeal number 05-20-00121-CR from the submission docket and abate this appeal for the trial court to comply with the dictates of this opinion.[6]

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE

200121f.u05

Do Not Publish
TEX. R. APP. P. 47

---

[6] This appeal will be resubmitted at a future date after this Court receives a brief filed by new appellate counsel and any response brief the State may choose to file.