

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00178-CR
No. 02-22-00179-CR

_____

GRANT PATRICK LEDBETTER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court Nos. 1688753D, 1728881D

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Grant Patrick Ledbetter appeals the trial court's judgments for the offenses of assault of a peace officer and harassment of a public servant. *See* Tex. Penal Code Ann. §§ 22.01(a), (b-2), 22.11. Appellant was on deferred-adjudication community supervision for the assault when he committed the harassment offense. The State filed a petition to adjudicate him guilty in the assault case and obtained a grand-jury indictment for the harassment in a separate cause number. Without the benefit of a plea bargain, appellant pleaded true to the allegation in the State's petition to adjudicate as well as guilty to the harassment offense. After a single hearing for both offenses,[1] the trial court assessed appellant's punishment at 8 years' confinement for both offenses and ordered the sentences to run concurrently.[2]

Upon reviewing the records and concluding that no arguable grounds for appeal exist, appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders*; counsel has presented a professional evaluation of the entire record in each case demonstrating why there are no arguable grounds for relief. *Id.*,

---

[1]At the same hearing, appellant also pleaded guilty to a misdemeanor DWI. *See* Tex. Penal Code Ann. § 49.04(a), (d). He has not appealed that conviction.

[2]The trial court assessed no fines, and the judgments do not impose any costs or fees.

87 S. Ct. at 1400. We have independently examined the records, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Appellant did not respond to our letter giving him the opportunity to file a pro se response. The State agreed with appointed appellate counsel's assessment that no meritorious grounds for appeal exist and declined to file a brief.

After carefully reviewing the records and counsel's brief, we agree with counsel that these appeals are wholly frivolous and without merit. Our independent review of the records reveals nothing further that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 23, 2023