

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00206-CR

_____

DOUGLAS ISIAQ, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. F21-1781-16

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

A grand jury indicted Douglas Isiaq for injury to an elderly person, and he pleaded guilty. *See* Tex. Penal Code Ann. § 22.04(a)(3), (c)(2). A jury found him guilty, as instructed, and assessed his punishment at eight years' confinement. *See id.* § 22.04(f) (providing that intentionally or knowingly causing bodily injury to an elderly person is a third-degree felony), § 12.34(a) (providing that confinement range for third-degree-felony is two to ten years). The trial court sentenced him accordingly. Isiaq did not object to the sentence.

Isiaq's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion, in which he avers that, in his professional opinion, "no meritorious ground for appeal exists in this case." Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the appellate record demonstrating why there are no arguable grounds for relief. *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, counsel (1) provided Isiaq a copy of the motion to withdraw and *Anders* brief; (2) informed Isiaq of his right to review the appellate record and to file a pro se response; (3) informed him of his pro se right to seek discretionary review should this court hold the appeal frivolous; and (4) took concrete measures to facilitate his review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Although this court afforded Isiaq the opportunity to

2

file a response on his own behalf, he did not do so. Likewise, the State declined to file a brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the appellate record that arguably might support this appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 27, 2023