

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00320-CR

———————————————————

DANIEL CROMMETT, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 5
Denton County, Texas
Trial Court No. F22-299-16

---

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Womack

Appellant Daniel Crommett pleaded guilty without the benefit of a plea bargain to the third-degree felony offense of driving while intoxicated (DWI) with two previous DWI convictions. *See* Tex. Penal Code Ann. § 49.09(b)(2). Additionally, Crommett pleaded true to an enhancement paragraph, which raised the range of his punishment to that of a second-degree felony.[1] *Id.* § 12.42(a). After hearing the evidence, the trial court sentenced Crommett to ten years' imprisonment. Crommett appealed.

After reviewing the record, Crommett's court-appointed appellate counsel concluded that no arguable grounds for appeal exist and filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Crommett was given an opportunity to respond but did not. The State waived filing a response.

Counsel's brief and motion meet the requirements of *Anders*; counsel has presented a professional evaluation of the entire record demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. We have independently examined the record, as is our duty when counsel files an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83,

---

[1]The State waived one enhancement paragraph. The waiver does not appear to be part of any plea bargain.

109 S. Ct. 346, 351 (1988). After carefully reviewing the record and counsel's brief, we agree with counsel that this appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

We grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 10, 2023