

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00289-CR

———————————————

BRETT SHANNAN HALL, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1631680

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

In 2023, Appellant Brett Shannan Hall pleaded guilty to the second-degree-felony offense of indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11(a)(1), (d). The trial court deferred finding him guilty of the offense and placed him on ten years' deferred adjudication community supervision. In May 2024, the State filed its First Amended Petition to Proceed to Adjudication, alleging that Hall had committed twelve violations of the terms of his deferred adjudication community supervision. The trial court held a hearing, found all of the allegations in the State's petition to be true,[1] adjudicated Hall guilty, and sentenced him to four years in prison. *See id.* § 12.33 (setting forth punishment range for second-degree felony). Hall timely filed a notice of appeal.

After determining that Hall's appeal was frivolous, Hall's court-appointed appellate attorney filed a motion to withdraw as counsel and, in support of that motion, a brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's motion and brief meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.* at 744, 87 S. Ct. at 1400. Additionally, in compliance with *Kelly v. State*, counsel provided Hall with copies of the brief and the motion to withdraw; he informed Hall of his right to file a pro se response, to review the record,

---

[1]Hall pleaded "true" to the allegations in paragraphs one through seven of the State's petition and pleaded "not true" to the allegations in paragraphs eight through twelve.

and to seek discretionary review pro se should this court declare his appeal frivolous; and he sent Hall a form motion for pro se access to the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Hall had the opportunity to file a pro se response to the *Anders* brief but did not do so. The State declined to file a brief and instead filed a letter in which it agreed with appointed counsel that the appeal is frivolous.

We have carefully reviewed the record and counsel's brief and have determined that this appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 15, 2025

3