

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00286-CR

———————————————

COLIN ERIC BROWN II, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1620883

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

In 2022, Colin Eric Brown II pleaded guilty to robbery, a second-degree felony, and the trial court placed him on two years' deferred-adjudication probation. *See* Tex. Penal Code Ann. § 29.02. In March 2024, the State filed its amended petition to adjudicate to allege five ways in which Brown had violated his deferred-adjudication probation. Brown pleaded true to three of the State's allegations. After hearing evidence, the trial court found all five allegations true, adjudicated Brown guilty, and assessed his sentence at four years' confinement. *See id.* § 12.33. Brown appealed.

Brown's court-appointed attorney, after determining that the appeal is frivolous, filed a motion to withdraw as counsel and a supporting brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's motion and brief meet the *Anders* requirements by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.* at 744, 87 S. Ct. at 1400. Additionally, complying with *Kelly v. State*, counsel provided Brown with copies of the brief and motion to withdraw; informed him of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court declare his appeal frivolous; and counsel sent Brown a form motion for pro se access to the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim App. 2014). Brown had the opportunity to file a pro se response to the *Anders* brief but did not do so. The State declined to file a brief.

We have carefully reviewed counsel's brief and the record and have determined that this appeal is wholly frivolous and without merit. Nothing in the record supports the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 7, 2025

3