

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00131-CR

———————————————

JOEY SULLIVAN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1750156

Before Birdwell, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

In November 2022, Appellant Joey Sullivan was indicted for evading arrest or detention with a vehicle, a third-degree felony. *See* Tex. Penal Code Ann. § 38.04(a), (b)(2)(A). The following month, he pleaded guilty pursuant to a plea bargain. The trial court deferred finding him guilty and instead placed him on four years' deferred-adjudication community supervision.[1] *See* Tex. Code Crim. Proc. Ann. art. 42A.101(a).

In April 2025, the State filed a petition to proceed to adjudication on Sullivan's evading-arrest-or-detention-with-a-vehicle offense.[2] In its petition, the State alleged that Sullivan had violated his community-supervision conditions by committing another offense—intentionally fleeing from a peace officer who was attempting to lawfully arrest or detain him. *See* Tex. Penal Code Ann. § 38.04(a). The trial court held a hearing on the State's petition. At the hearing, Sullivan pleaded not true to the alleged violation. The State presented the testimony of two Grand Prairie police officers and footage from one of the officers' body cameras to prove the alleged violation. Based on the evidence presented at the hearing, the trial court found that Sullivan had violated the terms of his community supervision, adjudicated him guilty,

---

[1]The trial court also ordered Sullivan to pay a $400 fine, $290 in court costs, and $1,235 in reimbursement fees.

[2]This was the State's second petition to proceed to adjudication. At the State's request, its first petition was dismissed and additional community-supervision conditions were imposed.

and sentenced him to three years in prison. *See* Tex. Penal Code Ann. § 12.34 (setting forth punishment range for third-degree felony). Sullivan timely appealed.

After determining that Sullivan's appeal was frivolous, his court-appointed appellate attorneys filed a motion to withdraw as counsel and, in support of that motion, a brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). The attorneys' motion and brief meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.* at 744, 87 S. Ct. at 1400. Additionally, in compliance with *Kelly v. State*, Sullivan's attorneys have certified that they provided Sullivan with copies of the brief and the motion to withdraw, informed Sullivan of his right to file a pro se response and to receive a free copy of the appellate record, provided him with a motion for pro se access to the appellate record lacking only his signature, and informed him of his right to file a petition for discretionary review with the Court of Criminal Appeals if he does not receive relief from this court. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Sullivan filed a motion to access the appellate record, which we granted, and the district clerk mailed him a copy of the record. Sullivan then filed multiple pro se responses to his attorneys' *Anders* brief, but his responses did not show any arguable grounds for appeal. The State declined to file a brief.

We have carefully reviewed the record and counsels' brief and have determined that this appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28

3

(Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We therefore grant counsels' motion to withdraw and affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 16, 2026