

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00223-CR

———————————————

KELLIAN ANTONIO JONES, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1835724

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

In August 2024, Appellant Kellian Antonio Jones pleaded guilty to the first-degree felony offense of aggravated sexual assault with a deadly weapon, and the trial court placed him on eight years' deferred adjudication community supervision. *See* Tex. Code Crim. Proc. art. 42A.053; Tex. Penal Code § 22.021. In April 2025, the State filed a petition to adjudicate, alleging that Jones had violated a condition of his community supervision by failing to complete a required sex offender treatment program. On June 30, 2025, Jones pleaded true to the allegation, and the trial court found Jones guilty and sentenced him to 40 years' confinement. *See* Tex. Code Crim. Proc. art. 42A.053; Tex. Penal Code § 12.32. Jones appealed.

Jones's court-appointed appellate attorney has filed a motion to withdraw as counsel and a brief in support of that motion, having determined that the appeal presents no arguable points. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). We agree. Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.* In compliance with *Kelly v. State*, counsel notified Jones of the motion to withdraw, provided him with a copy of the brief, informed him of his right to file a pro se response, took concrete measures to facilitate Jones's review of the appellate record, and informed him of his right to seek discretionary review should this court hold that the appeal is frivolous. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

This court afforded Jones an opportunity to file a pro se response, but he has not done so. The State filed a letter in lieu of a brief declining to formally respond but agreeing with Jones's counsel that the appeal contained no arguable points.

We have independently examined the record, as is our duty when appointed counsel files an *Anders* brief. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). After carefully reviewing the record and counsel's brief, we agree with counsel that this appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support an appeal. *See Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006); *Bledsoe*, 178 S.W.3d at 827–28.

Accordingly, we grant Jones's attorney's motion to withdraw, and we affirm the judgment of the trial court.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 4, 2026

3