

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00314-CR

———————————————

DEVON DINGER, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1666164

---

Before Sudderth, C.J.; Birdwell and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Devon Dinger faced a five-count indictment. Count One alleged that he had committed the first-degree felony offense of continuous sexual abuse of a young child, *see* Tex. Penal Code § 21.02, Counts Two and Three alleged that he had committed the first-degree felony offenses of aggravated sexual assault of a child younger than 14 years of age, *see id.* § 22.021(a)(2)(B), and Counts Four and Five alleged that he had committed the second-degree felony offenses of indecency by contact with a child younger than 17 years of age, *see id.* § 21.11(a)(1).

As part of a plea bargain, Dinger agreed to plead guilty to Counts Two through Five, and the State agreed to waive Count One and to recommend deferred adjudication community supervision for ten years. The trial court followed the plea bargain. Dinger pleaded guilty to Counts Two through Five, and the trial court placed Dinger on deferred adjudication community supervision for ten years on Counts Two through Five.

Two years and nine months later, the State filed its first amended petition to proceed to an adjudication on each count. Each petition alleged the same four violations. At the hearing on the State's petitions, Dinger pleaded true to all four allegations. The trial court found the allegations true, adjudicated Dinger guilty of Counts Two through Five, and sentenced him to fifty years' confinement for Counts Two and Three, the two first-degree felonies, *see id.* § 12.32(a) (providing range of imprisonment for a first-degree felony of life or any term of not more than 99 years

or less than 5 years), and twenty years' confinement for Counts Four and Five, the two second-degree felonies, *see id.* § 12.33(a) (providing range of imprisonment for a second-degree felony of any term of not more than 20 years or less than 2 years). The sentences run concurrently. Dinger appealed.

Dinger's counsel—after determining that Dinger's appeal was frivolous—filed a motion to withdraw and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's motion and brief meet the requirements of *Anders* by presenting a professional evaluation of the record showing why there are no arguable grounds for relief. *See id.* at 744, 87 S. Ct. at 1400. Additionally, in compliance with *Kelly v. State*, counsel provided Dinger with copies of the brief and the motion to withdraw and informed him of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court declare his appeal frivolous. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Counsel also provided Dinger with a form motion for pro se access to the appellate record. *See id.* Although given an opportunity to file a pro se response to counsel's *Anders* brief, Dinger has not filed one. The State, for its part, filed a letter in which it agreed that Dinger had no meritorious grounds on which to advance an appeal.

We have carefully reviewed the record and counsel's brief and have determined that this appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim.

App. 2006). We therefore grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 11, 2026