

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00212-CR
No. 02-25-00213-CR

———————————————

OSWALDO AYALAMELENDEZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court Nos. 1770549, 1741210

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

## I. Introduction

Appellant Oswaldo Ayalamelendez appeals two convictions. In appellate cause number 02-25-00212-CR (trial court cause number 1770549), the trial court found Appellant guilty of possession of a controlled substance under penalty group 1 or 1-B, namely methamphetamine, by aggregate weight, including any adulterants or dilutants, of less than one gram—a state-jail felony—and sentenced him to twelve months' incarceration in a state-jail facility. *See* Tex. Health & Safety Code §§ 481.102(6), 481.115(b); Tex. Penal Code § 12.35. And in appellate cause number 02-25-00213-CR (trial court cause number 1741210), the trial court found Appellant guilty of aggravated robbery—a first-degree felony—and sentenced him to twenty-five years' imprisonment. *See* Tex. Penal Code §§ 12.32, 29.03.

In both cases, Appellant's court-appointed appellate counsel concluded that Appellant's appeals were frivolous and filed motions to withdraw along with briefs in support of those motions. After reviewing counsel's motions, his supporting briefs, and the records, we agree that Appellant's appeals are frivolous, grant counsel's motions to withdraw, and affirm the trial court's judgments.

## II. Discussion

In the trial court, as here on appeal, Appellant's cases proceeded as independent cause numbers. But they shared common hearings, and once the trial

court placed Appellant on deferred-adjudication community supervision, they shared identical issues.

**A. Appellant Agrees to Plea Bargains and is Placed on Deferred-Adjudication Community Supervision.**

On Appellant's possession charge, he and the State entered a plea bargain. Appellant agreed to plead guilty, and the State agreed to recommend deferred-adjudication community supervision for sixty months and a $100 fine. The trial court accepted the plea bargain and placed Appellant on deferred-adjudication community supervision in conformity with the agreement.

On the same date, Appellant and the State entered a plea bargain on the aggravated-robbery charge. Appellant agreed to plead guilty, and the State agreed to recommend deferred-adjudication community supervision for eighty-four months and a $700 fine. As before, the trial court accepted the plea bargain and placed Appellant on deferred-adjudication community supervision in conformity with the agreement.

**B. The State Files Petitions to Proceed to an Adjudication, and the Trial Court Conducts a Hearing.**

In both cases, the State filed a petition to proceed to an adjudication in which it alleged that Appellant had not reported to the probation department from April 2024 through April 2025 as instructed by the court and the supervision officer.

At the hearing on the State's petitions, Appellant pleaded true to the allegation in each petition that he had not reported from April 2024 through April 2025. The trial court found the allegation in the aggravated-robbery petition true, adjudicated

3

Appellant guilty of aggravated robbery, and sentenced him to twenty-five years in the penitentiary. Proceeding to the possession petition, the trial court found that allegation true, adjudicated Appellant guilty of possession of a controlled substance, and sentenced him to twelve months in a state-jail facility. Both punishments are within the ranges provided by law. *See id.* §§ 12.32 (providing that imprisonment for a first-degree felony can be for life or for any term of not more than ninety-nine years or less than five years); 12.35(a) (providing that confinement for a state-jail felony can be for any term of not more than two years or less than 180 days).

Appellant appealed.

### C. Appellant's Counsel Concludes that the Appeals are Frivolous.

Appellant's counsel—after determining that Appellant's appeals were frivolous—filed motions to withdraw and briefs in support of those motions.[1] *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's motions and briefs meet the requirements of *Anders* by professionally evaluating the record and showing why there are no arguable grounds for relief. *See id.* at 744, 87 S. Ct. at 1400. Additionally, in compliance with *Kelly v. State*, counsel provided Appellant with copies of the briefs and the motions to withdraw and informed him of his right to file pro se responses, to review the records, and to seek discretionary

---

[1]Counsel transposed the appellate cause numbers, that is, he addressed trial court cause number 1741210 in appellate cause number 02-25-00212-CR and trial court cause number 1770549 in appellate cause number in 02-25-00213-CR. This was a clerical, not a substantive, error that does not impact the analysis.

review pro se should this court declare his appeals frivolous. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Counsel also provided Appellant with form motions for pro se access to the appellate record, which Appellant used and which we granted. *See id.* Although given an opportunity to respond to counsel's *Anders* briefs, Appellant has not done so. The State declined to file briefs but filed instead letters in which it agreed that Appellant had no meritorious grounds on which to advance his appeals.

We have carefully reviewed the records and counsel's briefs and have determined that these appeals are wholly frivolous and without merit. Nothing in the records arguably supports the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

### III. Conclusion

We thus grant counsel's motions to withdraw and affirm the trial court's judgments.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 25, 2026