

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00300-CR

———————————————————

MANO P. NAVARASASINGAM, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1705798

---

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

In September 2024, Appellant Mano P. Navarasasingam pleaded guilty to the first-degree felony offense of promotion of prostitution of a person younger than 18 years of age, and the trial court placed him on 7 years' deferred adjudication community supervision. *See* Tex. Code Crim. Proc. art. 42A.053; Tex. Penal Code § 43.03(b)(2).

In May 2025, the State filed its first amended petition to adjudicate, alleging Navarasasingam had violated conditions of his community supervision by committing a new offense, failing to report to his supervision officer as directed, and submitting a fraudulent record of community service restitution hours. At a hearing on August 15, 2025, the State waived the first allegation and Navarasasingam pleaded true to the second allegation and not true to the third allegation. After an evidentiary hearing, the trial court found the second allegation "true" and the third "not true," adjudicated his guilt in the underlying offense, and sentenced him to 10 years' confinement. *See* Tex. Code Crim. Proc. art. 42A.053; Tex. Penal Code § 12.34. Navarasasingam appealed.

Navarasasingam's court-appointed appellate attorney has filed a motion to withdraw as counsel and a brief in support of that motion, stating that the appeal presents no arguable points. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). We agree. Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.* In compliance with *Kelly v. State*, counsel notified

Navarasasingam of the motion to withdraw, provided him with a copy of the brief, informed him of his right to file a pro se response, took concrete measures to facilitate Navarasasingam's review of the appellate record, and informed him of his right to seek discretionary review should this court hold that the appeal is frivolous. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

This court afforded Navarasasingam an opportunity to file a pro se response, but he has not done so. The State filed a letter in lieu of a brief declining to formally respond but agreeing with Navarasasingam's counsel that the appeal contained no arguable points.

We have independently examined the record, as is our duty when appointed counsel files an *Anders* brief. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). After carefully reviewing the record and counsel's brief, we agree with counsel that this appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support an appeal. *See Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006); *Bledsoe*, 178 S.W.3d at 827–28.

Accordingly, we grant Navarasasingam's attorney's motion to withdraw, and we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 25, 2026