

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00043-CR

_____

KRISTINE ANN ELLINGTON, Appellant

V.

THE STATE OF TEXAS

On Appeal from 432nd District Court
Tarrant County, Texas
Trial Court No. 1651145

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant Kristine Ann Ellington was charged by indictment with theft of property valued between $2,500 and $30,000. *See* Tex. Penal Code § 31.03(a), (e)(4). In April 2022, Ellington pleaded guilty pursuant to a plea bargain. The trial court sentenced her to two years' incarceration, probated for five years, and ordered her to pay $21,400 in restitution plus a $500 fine.

In 2024, the State filed a petition to revoke Ellington's probation, alleging that she had violated her probation terms by committing a driving-while-intoxicated offense (Paragraph One), failing to appear in court as required (Paragraph Two), failing to report to her probation officer as required (Paragraph Three), and consuming alcohol (Paragraph Four). The trial court held a hearing at which Ellington pleaded "true" to the violation alleged in Paragraph Four and "not true" to the violations alleged in Paragraphs One and Two.[1] After considering the evidence, the trial court found that the allegations in Paragraphs One, Two, and Four were true; revoked Ellington's probation; and sentenced her to eighteen months' incarceration in a state jail facility. Ellington timely filed a notice of appeal from the trial court's judgment revoking her probation.

After determining that Ellington's appeal was frivolous, her court-appointed appellate attorney filed a motion to withdraw as counsel and, in support of that

---

[1]The State waived the violation alleged in Paragraph Three.

motion, a brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). The attorney's motion and brief meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.* at 744, 87 S. Ct. at 1400. Additionally, in compliance with *Kelly v. State*, Ellington's attorney has certified that he provided Ellington with copies of the brief and the motion to withdraw, informed her of her right to file a pro se response and to receive a free copy of the appellate record, provided her with a motion for pro se access to the appellate record lacking only her signature, and informed her of her right to file a petition for discretionary review with the Court of Criminal Appeals if she does not receive relief from this court. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Ellington filed a pro se response to the *Anders* brief, but her response does not reveal any legitimate grounds for direct appeal.[2] In lieu of a brief, the State filed a letter stating that it agrees with Ellington's attorney's determination that the appeal is wholly frivolous.

---

[2]In her response, Ellington proposes three points of error, but none of them are valid. First, she argues that the trial court erred by failing to hear her "[b]ail [j]umping/[f]ailure to [a]ppear" case contemporaneously with the State's petition to revoke her probation because doing so "possibly" would have caused the trial court to find Paragraph Two not true. But because Ellington pleaded true to Paragraph Four and because a single violation is sufficient to support a trial court's probation-revocation decision, any error bearing on the trial court's Paragraph-Two finding was harmless. *See, e.g.*, *Rivera v. State*, No. 13-20-00304-CR, 2021 WL 1306406, at *4 (Tex. App.—Corpus Christi–Edinburg Apr. 8, 2021, no pet.) (mem. op., not designated for publication). Second, she argues that the trial court erred by allowing Stacy Franco, the senior court officer for Criminal District Court Number Two, to testify. But because Ellington did not raise this objection at the revocation hearing, it is not

3

We have carefully reviewed the record and counsel's brief and have determined that this appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 25, 2026

---

preserved for appeal. *See* Tex. R. App. P. 33.1(a). Finally, she asserts that she received ineffective assistance of counsel. But "[d]irect appeal is usually inadequate for raising an ineffective-assistance-of-counsel claim because the record generally does not show counsel's reasons for any alleged deficient performance." *Rachal v. State*, 725 S.W.3d 152, 166 (Tex. App.—Fort Worth 2025, pet. ref'd). And having reviewed the record, we agree with Ellington's appellate counsel that there is nothing to suggest that her trial counsel's performance was deficient or that any such deficiency prejudiced her defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).