

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00140-CR

———————————————————

DOUGLAS LAWHON, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1844259

_____

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Douglas Lawhon was charged by indictment with three counts of aggravated sexual assault (Counts One, Two, and Three), one count of assaulting a family member by impeding breath or blood (Count Four), and one count of assaulting a pregnant person (Count Five). *See* Tex. Penal Code §§ 22.01(a)(1), (b)(2)(B), (b)(8), 22.021(a)(1)(A)(i), (a)(2)(A)(ii). The indictment included a repeat-offender notice alleging that Lawhon had previously been convicted of a felony.[1] Lawhon pleaded not guilty, and a jury trial was held. After hearing all the evidence, the jury convicted Lawhon on all five counts; found the repeat-offender notice true; and assessed his punishment at 50 years' imprisonment on each of Counts One, Two, and Three and 20 years' imprisonment on each of Counts Four and Five. The trial court sentenced him accordingly. This appeal followed.

After determining that Lawhon's appeal was frivolous, his court-appointed appellate attorney filed a motion to withdraw as counsel and, in support of that motion, a brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). The attorney's motion and brief meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.* at 744, 87 S. Ct. at 1400. Additionally, in compliance with *Kelly v. State*, Lawhon's attorney has certified that he provided Lawhon with

---

[1]The indictment also included a family-violence notice, but the State waived it during trial.

copies of the brief and the motion to withdraw, informed him of his right to file a pro se response and to receive a free copy of the appellate record, provided him with a motion for pro se access to the appellate record lacking only his signature, and informed him of his right to file a petition for discretionary review with the Court of Criminal Appeals if he does not receive relief from this court. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Lawhon an opportunity to file a pro se response, but he has not done so.[2] In lieu of a brief, the State filed a letter stating that it agreed with appellate counsel's determination that the appeal is wholly frivolous.

We have carefully reviewed the record and counsel's brief and have determined that this appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We therefore grant counsel's motion to withdraw and affirm the trial court's judgments.

---

[2]Lawhon filed a motion to access the appellate record, which we granted. But he never filed a pro se response.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 25, 2026